UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ALFRED WAYNE PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV412-090 |
| | ) | |
| ROBERT ATTRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Alfred Wayne Perry has filed a 42 U.S.C. § 1983 complaint against his public defender, Robert Attridge, claiming that Attridge denied him his rights under the Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. (Doc. 1 at 6.) He asks for damages and that the criminal prosecution against him be "expunged." (*Id.* at 7.)

Having completed his *in forma pauperis* ("IFP") paperwork (docs. 8 & 9), the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which permits a district court to dismiss an IFP plaintiff's claims *sua sponte* for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable

claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

Perry's case must be dismissed, since public defenders are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Hence Perry has failed to state a claim under § 1983 against Attridge. Moreover, to the extent he seeks release from incarceration, he is in substance bringing a habeas action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to pursue habeas relief he must first exhaust his state

court remedies. If he wishes to proceed with such a claim, he must file a habeas petition, but he is again advised such a petition would likely be subject to immediate dismissal for lack of exhaustion. *See Perry v. St. Lawrence*, CV412-129, doc. 9 (S.D. Ga. Sep. 28, 2012) (dismissing habeas petition for lack of exhaustion).

Similarly, to the extent he seeks to enjoin the prosecution, such relief is available only where extraordinary circumstances are shown to support a federal injunction. *Younger v. Harris*, 401 U.S. 37, 41 (1971) (an ongoing state criminal proceeding may not be enjoined "except under special circumstances."); *see also Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Special circumstances are not alleged here, so such a claim fails too.

Accordingly, Perry's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-427 (11th Cir. 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet

been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

Meanwhile, Perry must pay for filing this lawsuit. Based upon his furnished information, he owes an initial partial filing fee of $17.62. See 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $17.62 from Perry' account and remit it to the Clerk of Court. The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this  22nd  day of October, 2012.

> *[signature]*
> UNITED STATES MAGISTRATE JUDGE
> SOUTHERN DISTRICT OF GEORGIA